# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARTIN L. WRIGHT,

        Petitioner,        :    Case No. 2:24-cv-3724

  - vs -                          District Judge James L. Graham
                                        Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                                  :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is brought *pro se* by Petitioner Martin Wright to obtain relief from his conviction in the Franklin County Court of Common Pleas in Case No. 18 CR 2081. The case was filed by mail to the Clerk's Office received and docketed July 19, 2024, but placed in the prison mail system July 8, 2024, which counts as the date of filing. *Houston v. Lack*, 487 U.S. 266 (1988).

The case was randomly assigned by computer to District Judge James L. Graham and then automatically but randomly referred to the undersigned under Amended General Order 22-05.

**Litigation History**

Petitioner was indicted by the Franklin County grand jury in Case No. 18 CR 2081. Pursuant to a plea agreement, he pleaded guilty to one count of aggravated robbery with a firearm

1

specification and one count of involuntary manslaughter, also with a firearm specification (Petition, ECF No. 1, PageID 2). He was sentenced on December 9, 2021, to an aggregate twenty-four years imprisonment. *Id.*

Wright took no direct appeal of right, but applied April 19, 2023, to the Ohio Tenth Appellate District, for leave to file a delayed direct appeal. *Id.* at PageID 4. The Tenth District denied the requested leave on May 9, 2023, holding:

> ¶ 3} Wright has not met his burden under App.R. 5(A). In support of his motion, Wright asserts neither the trial court nor his trial counsel informed him of his right to appeal. But the entry of guilty plea form he signed on November 8, 2021, expressly informed him, and reflected his understanding, that he could appeal as a matter of right from his plea and sentence within 30 days of the filing of the trial court's judgment. This belies his assertion that, until recently, he was unaware of his right to appeal. Thus, Wright has failed to meet his burden in support of his App.R. 5(A) motion for leave to file a delayed appeal. Accordingly, the motion is denied.

*State v. Wright*, Case No. 23AP-246 (Ohio App. 10th Dist. available at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ visited July 19, 2024). The Ohio Supreme Court denied leave to appeal further on August 1, 2023. *State v. Wright*, 170 Ohio St. 3d 1508 (Aug. 1, 2023). As noted, Wright filed his Petition in this Court July 8, 2024.

## Analysis

Under Rule 4 of the Rules Governing § 2254 Cases, the Clerk must promptly forward a newly-filed habeas corpus petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition

and direct the clerk to notify the petitioner. Having performed that preliminary review, the Magistrate Judge finds that it plainly appears from the Petition and dates available online from the Franklin County Clerk of Courts[1] that the Petition is barred by the statute of limitations.

That statute, codified at 28 U.S.C. § 2244(d), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Petitioner's conviction became final on direct appeal on January 8, 2022, the thirtieth day after his judgment of conviction was filed and the last day on which he could have filed an appeal of right. He filed no collateral attack on the judgment and indeed attempted no form of post-conviction relief until he filed his motion for delayed appeal more than a year later. Had the delayed appeal been granted, the judgment would not have been final on direct appeal until ninety days after the Ohio Supreme Court eventually decided the case because Petitioner would have had that amount of time in which to seek review by the United States Supreme Court. But Petitioner was not granted a delayed appeal and there is no precedent of the Supreme Court recognizing any constitutional right to a delayed appeal.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 22, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #